IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VANDA PHARMACEUTICALS INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-651 (CFC) |
| | ) | |
| TEVA PHARMACEUTICALS USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| VANDA PHARMACEUTICALS INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-689 (CFC) |
| | ) | |
| APOTEX INC. and APOTEX CORP., | ) | |
| | ) | |
| Defendants. | ) | |
| VANDA PHARMACEUTICALS INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-690 (CFC) |
| | ) | |
| MSN PHARMACEUTICALS INC. AND MSN LABORATORIES PRIVATE LIMITED, | ) | |
| | ) | |
| Defendants. | ) | |

**SCHEDULING ORDER [PATENT CASE]**

This _31st_ day of _October_, 2018, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration:

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures</u>. The parties served their initial disclosures pursuant to the Delaware Standard for Discovery Rule 3 and Federal Rule of Civil Procedure 26(a)(1) on **August 28, 2018**.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before **February 28, 2019**.

3. <u>Discovery</u>.

    a. Fact <u>Discovery Cut Off</u>. All fact discovery in this case shall be initiated so that it will be completed on or before **August 2, 2019**.

    b. <u>Document Production</u>. The parties shall be required to utilize no more than ten (10) search terms for their non-custodial ESI.[1] A disjunctive combination of multiple words or phrases (e.g., "computer" OR "system") shall count as separate search terms unless they are variants of the same word. The parties are to serve their search terms for their ESI, in accordance with Paragraph 5 of the Delaware Default Standard, within **thirty (30) days** of service of initial disclosures.[2] The parties shall respond to the other parties' ESI search terms no later than **fourteen (14) days** after the initial exchange of ESI search terms. Document production shall be substantially complete by **April 30, 2019**.

    c. <u>Requests for Admission</u>. Defendants may collectively serve a maximum of **twenty (20)** joint requests for admission on Plaintiff, and each individual Defendant may serve a maximum of **fifteen (15)** additional requests for admission on Plaintiff. Plaintiff may serve a maximum of **twenty (20)** requests for admission jointly on Defendants, and Plaintiff may

---

[1] The parties have agreed to meet-and-confer regarding the scope of ESI discovery for emails in the above-captioned matters. The parties are in the process of negotiating a stipulation to modify the Default Standard regarding the scope and obligations for email discovery.

[2] The parties have already exchanged their search terms for non-custodial ESI pursuant to the Proposed Scheduling Order filed in the above-captioned matters (not entered by the Court). D.I. No. 16 in C.A. No. 18-651, D.I. No. 20 in C.A. No. 18-689, D.I. No. 17 in C.A. No. 18-690.

serve a maximum of **fifteen (15)** additional requests for admission on each individual Defendant. This limitation shall not apply to requests for admission regarding the authenticity or genuineness of documents. Although requests for admission directed to authenticity or genuineness are not limited, it is without prejudice to a party's ability to object to them as unduly burdensome.

    d.    <u>Interrogatories</u>.

        i.    Defendants may collectively serve a maximum of **fifteen (15)** joint interrogatories on Plaintiff, and each individual Defendant may serve a maximum of **ten (10)** additional interrogatories on Plaintiff. Plaintiff may serve a maximum of **ten (10)** interrogatories jointly on Defendants, and Plaintiff may serve a maximum of **fifteen (15)** additional interrogatories on each individual Defendant.

        ii.    The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if served, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall, in part, be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

    e.    <u>Depositions</u>.

        i.    <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of **ten (10)** fact-witness depositions (excluding expert witnesses) taken by oral examination. Regardless of the number of individuals designated by a party to testify in response to a Notice of Deposition Pursuant to Rule 30(b)(6), the deposition(s) taken pursuant to each such notice shall count as one fact witness.

ii. <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

4. <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within 30 days from the date of this Order.

Any proposed protective order must include the following paragraph:

<u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. <u>Disputes Relating to Discovery Matters and Protective Orders</u>. Should counsel find they are unable to resolve a dispute relating to a discovery matter or protective order, the parties shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than 48 hours prior to the conference/argument, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and the party's position on those issues. The party shall submit as attachments to its letter (1) an averment of counsel that the parties made a reasonable effort to resolve the dispute

and that such effort included oral communication that involved Delaware counsel for the parties, and (2) a draft order for the Court's signature which identifies with specificity the relief sought by the party. By no later than 24 hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one hour of e-filing the document(s). If a motion concerning a discovery matter or protective order is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the procedures set forth in this paragraph.

6. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

7. <u>Courtesy Copies</u>. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits *etc.*). This provision also applies to papers filed under seal.

8. <u>Claim Construction Issue Identification</u>. On or before **November 30, 2018**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. The parties shall subsequently meet and confer regarding the term(s)/phrase(s) the parties believe need construction. On **December 12, 2018**, the parties shall exchange their proposed claim constructions of the terms(s)/phrase(s) they believe need construction. On or before **December 17, 2018**, the parties shall exchange the intrinsic evidence in support of their respective proposed constructions. These documents will not be filed with the Court. Subsequent to the exchange of

these documents, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than **December 21, 2018**. The Joint Claim Construction Chart, in Word format, shall be e-mailed simultaneously with filing to cfc_civil@ded.uscourts.gov. The text for the Joint Claim Construction Chart shall be 14-point and in a Times New Roman or similar typeface. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A ~~copy of~~ [text searchable pdf of each of] the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

    9.    <u>Claim Construction Briefing</u>. The Plaintiff shall serve, but not file, its opening brief, not to exceed 5,500 words, on **January 24, 2019**. The Defendant shall serve, but not file, its answering brief, not to exceed 8,250 words, on **February 28, 2019**. The Plaintiff shall serve, but not file, its reply brief, not to exceed 5,500 words, on **March 21, 2019**. The Defendant shall serve, but not file, its sur-reply brief, not to exceed 2,750 words, on **April 11, 2019**. The text for each brief shall be 14-point and in a Times New Roman or similar typeface. Each brief must include a certification by counsel that the brief complies with the type and number limitations set forth above. The person who prepares the certification may rely on the word count of the word-processing system used to prepare the brief.

    No later than **April 17, 2019**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their untitled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

## JOINT CLAIM CONSTRUCTION BRIEF

I.    Agreed-upon Constructions

II.    Disputed Constructions

    A.  [TERM 1]

        1. Plaintiff's Opening Position
        2. Defendant's Answering Position
        3. Plaintiff's Reply Position
        4. Defendant's Sur-Reply Position

    B.  [TERM 2]

        1. Plaintiff's Opening Position
        2. Defendant's Answering Position
        3. Plaintiff's Reply Position
        4. Defendant's Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

    10.  <u>Hearing on Claim Construction</u>. Beginning at **9 a.m.** on **May 20, 2019**, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due to be served), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.

    11.  <u>Disclosure of Expert Testimony</u>.

        a.  <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **September 13, 2019**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **October 25, 2019**. Reply expert reports

7

from the party with the initial burden of proof are due on or before **December 6, 2019**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of expert discovery shall be completed on or before **February 14, 2020**.

        b.    Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than **February 28, 2020**, unless otherwise ordered by the Court.

    12.    Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

    13.    Pretrial Conference. On **May 28, 2020**, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at **4:30 p.m.** The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5:00 p.m. on the third business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

    14.    Motions in *Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of

three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three-page submission (and, if the moving party, a single one-page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

15. **Compendium of Cases**. A party may submit with any briefing two courtesy copies of a compendium of the selected authorities on which the party would like the Court to focus. The parties should not include in the compendium authorities for general principles or uncontested points of law (e.g., the standards for summary judgment or claim construction). An authority that is cited only once by a party generally should not be included in the compendium. An authority already provided to the Court by another party should not be included in the compendium.

16. **Trial**. This matter is scheduled for a five-day bench trial beginning at **9:30 a.m.** on **June 15, 2020**, with the subsequent trial days beginning at 9:30 a.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

17. **ADR Process**. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

18. **Summary of Case Schedule**.

| # | Event | Proposed Date |
|---|-------|---------------|
| 1. | Deadline for initial disclosures pursuant to Delaware Standard for Discovery Rule 3 and Federal Rule of Civil Procedure 26(a)(1) | August 28, 2018 |
| 2. | Deadline for identification of the accused product(s), asserted patent(s), and production of file history of each asserted patent | September 6, 2018 |

| 3. | Deadline for production of core technical documents relating to the accused product(s) | September 13, 2018 |
|---|---|---|
| 4. | Deadline for initial infringement contentions[3] | October 4, 2018 |
| 5. | Deadline for initial invalidity contentions | November 20, 2018 |
| 6. | Deadline to exchange claim term(s)/phrase(s) | November 30, 2018 |
| 7. | Deadline to exchange proposed constructions | December 12, 2018 |
| 8. | Exchange intrinsic evidence in support of proposed constructions | December 17, 2018 |
| 9. | Deadline to submit joint claim construction chart | December 21, 2018 |
| 10. | Deadline to serve Plaintiff's opening claim construction brief | January 24, 2019 |
| 11. | Deadline to serve Defendants' answering claim construction brief | February 28, 2019 |
| 12. | Deadline for joinder of other parties and amendment of pleadings | February 28, 2019 |
| 13. | Deadline to serve Plaintiff's reply claim construction brief | March 21, 2019 |
| 14. | Deadline to serve Defendants' sur-reply claim construction brief | April 11, 2019 |
| 15. | Deadline to file joint claim construction brief | April 17, 2019 |
| 16. | Deadline for substantial completion of document production | April 30, 2019 |
| 17. | Claim construction hearing | May 20, 2019 at 9 a.m. |
| 18. | Final supplementation of accused products and invalidity references | Thirty (30) days after the Court issues its claim-construction ruling |
| 19. | Fact discovery cut-off | August 2, 2019 |
| 20. | Deadline for disclosure of expert testimony for the party who has the initial burden of proof on the subject matter | September 13, 2019 |
| 21. | Deadline for supplemental disclosure to contradict or rebut evidence on the same matter identified by another party | October 25, 2019 |

---

[3] The parties have already completed events 1–4 of this proposed schedule in accordance with the Proposed Scheduling Order filed in the above-captioned matters (not entered by the Court) at D.I. No. 16 in C.A. No. 18-651, D.I. No. 20 in C.A. No. 18-689, and D.I. No. 17 in C.A. No. 18-690.

| 22. | Deadline for reply expert reports from the party with the initial burden of proof | December 6, 2019 |
|---|---|---|
| 23. | Expert discovery cut-off | February 14, 2020 |
| 24. | Deadline to file *Daubert* motions | February 28, 2020 |
| 25. | Pretrial conference | May 28, 2020 at 4:30 p.m. |
| 26. | Trial (5 days) | June 15, 2020 at 9:30 a.m. |

                                                                    _[signature]_
                                            UNITED STATES DISTRICT JUDGE

*\* please see revisions to ¶ 8.*